Baxter *v.* Knox.

---

GEORGE W. BAXTER, Appellant, *v.* ELIJAH KNOX, Appellee.

APPEAL FROM CASS.

In an action of covenant on a lease for "an entire farm," if the lease offered in evidence is only for a part of the farm, and the reservation is not noticed in the declaration, the variance between the allegation and proof is fatal; the plaintiff might recover rent for the parts reserved.

The safer mode of pleading in such a case, would be to set out the lease in "*hæc verba.*"

THE defendant in appeal commenced an action of covenant against the appellant to the November term, A. D. 1855, of the Cass Circuit Court. The declaration contains one count and four assignments of breaches upon the following contract:

KNOW ALL MEN BY THESE PRESENTS, That I, G. W. Baxter, of Brown county, and State of Illinois, have this day rented my entire farm, on which I now reside, to Elijah Knox, of the above named county and State, for the year 1853, for one-third of the crop; said Knox agrees to cultivate the farm in good order and good time in corn and oats, etc., and deliver said Baxter one-third of the corn, husked and in his crib, or cut up and shocked as said Baxter may direct, and the third of the small grain in the shock; said Baxter agrees to put an additional room to the end of the house, and a shed of eight feet in width the entire length of the house, and also a room up stairs the length of the building, and plaster all the rooms, the work so to be done as soon as convenient; said Baxter to have one room to himself, a lot for himself, and now for the use of cows, horses, calves and hogs; said Knox agrees to board the hands that said Baxter wants boarded while making brick, for one dollar each per week; said Baxter is also to furnish a good girl to help do the work while the hands are boarded; said Baxter's washing is to be done during the time he furnishes a girl, in the bargain; said Baxter is to have a place somewhere in the house to lodge his hands while making brick. Given under our hands and seals, March 19th, 1853.

G. W. BAXTER. [SEAL.]

E. KNOX. [SEAL.]

Baxter *v.* Knox.

The plaintiff, in his declaration, describes the instrument sued upon as follows: For that whereas heretofore, to wit: on the 9th day of March, 1853, at the county and State aforesaid, by a certain indenture then and there made between the said defendant and the said plaintiff, which said indenture, sealed with the seal of the said defendant, the said plaintiff now brings here into court, the date whereof is the day and year aforesaid, the said defendant did rent, demise, lease and to farm let unto the said plaintiff a certain messuage and premises therein more particularly mentioned, being his entire farm on which he then resided, for the year 1853, and the said defendant did, in and by the said indenture, etc.

The breaches assigned are: 1st, that defendant did not permit plaintiff to have the entire farm; 2nd, that defendant did not build a room or shed; 3rd, and did not fix a room up stairs; 4th, that defendant did not furnish a girl.

Defendant pleaded: 1st, *non est factum;* 2nd, that defendant had kept his covenants; 3rd, that plaintiff hath not performed his covenants; upon which issue was taken.

A trial was had; the plaintiff offered the contract aforesaid, to which the defendant objected; the objection was overruled, the contract read, to which decision the defendant excepted. The plaintiff then proved the other issue, and the jury found a verdict for the plaintiff for sixty dollars.

The plaintiff moved for a new trial, for the following among other reasons:

Because the court erred in allowing the lease read in evidence to be read as evidence in said cause; which motion the court, WALKER, Judge, presiding, overruled and rendered judgment for plaintiff, to which decision of the court, the defendant excepted.

J. S. BAILEY, for Appellant.

D. A. SMITH, for Appellee.

BREESE, J.   The declaration in this case is in covenant on a lease for "an entire farm," and the lease offered in evidence is not for an entire farm, but with reservations of certain parts of it, and which are not noticed or alleged in the declaration. The breach is, plaintiff did not enjoy the entire farm.   The variance is palpable, and should have been so ruled by the Circuit Court.   By the pleadings, as they stand, the plaintiff might recover damages of the defendant for withholding those very parts of the farm which, by the lease, he was authorized to withhold.

This objection was made at the Circuit Court and overruled, and exception taken, and is here assigned for error. The error is well assigned. It would be a safe mode, in pleading this lease, to set it out in *hæc. verba*.

The judgment is reversed and the cause remanded.

*Judgment reversed.*